39 F.3d 1181
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Melvin L. BENSON, Plaintiff-Appellant,
v.
Dan BOLDEN, Assistant Director of the Bureau of Correctional
Facilities, et al., Defendants-Appellees.
 No. 94-1263.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1994.
 
 Before: MILBURN, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Melvin L. Benson, pro se, appeals a district court opinion and judgment granting summary judgment in favor of the defendants in this civil rights case filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking injunctive relief and damages, Benson sued the Deputy Director for the Michigan Correctional Facilities Administrator; the warden of the Mid-Michigan Correctional Facility at St. Louis, Michigan; and several resident unit officers and correctional officers at the Riverside Correctional Facility in Ionia, Michigan. The defendants were sued in their individual and official capacities.
 
 
 3
 In his complaint, Benson alleged that, on August 23, 1992, while a resident in the Riverside Facility psychiatric unit, he was "shadow boxing" when he threw a "punch that accidentally broke a window pane" in the south wing of the facility. He then yelled an obscenity, getting the attention of two correctional officers in the vicinity. When asked what he was doing, Benson apparently attempted to walk toward the place where the accident had occurred to demonstrate what had happened. After defendant Lovegrove ordered him to stop, Benson continued, notwithstanding the order, and was then restrained and taken to the floor by four or five other correctional officers. Benson stated that he was then stripped of his clothes and sexually assaulted. It is undisputed that Benson was handcuffed, taken to administrative segregation, and placed in additional leg and wrist restraints. Benson states that he was again sexually assaulted at that time. It is Benson's argument that he suffered severe physical and psychological pain from this entire experience. The district court, after allowing limited discovery, granted a motion filed by the defendants for summary judgment.
 
 
 4
 On appeal, Benson argues that because he never received the district court's discovery order, his "ability to prevail was impaired." He also argues that the conflicting affidavits submitted by the parties present issues of material fact that should be tried. Benson has also filed a motion for the appointment of counsel.
 
 
 5
 This court's review of a grant of summary judgment is de novo. Deaton v. Montgomery County, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Moore v. Holbrook, 2 F.3d 697, 699 (6th Cir.1993).
 
 
 6
 Although Benson's explanation for his behavior may create the appearance that he was an innocent victim of an attack, at the time the prison officials heard Benson yelling obscenities and breaking a window in the psychiatric unit, these officials reacted with force that could reasonably be expected under the circumstances. Benson has failed to show a wanton infliction of pain in order to establish an Eighth Amendment violation of Benson's right to be free from cruel and unusual punishment. Whitley v. Albers, 475 U.S. 312, 320-22 (1986). Benson has failed to show that the force was not applied in a good faith effort to maintain discipline or that the guards applied force maliciously and sadistically to cause him harm. Hudson v. McMillian, 112 S.Ct. 995, 999 (1992); Moore, 2 F.3d at 700.
 
 
 7
 Further, the defendants met their burden of producing evidence showing the absence of a genuine issue of material fact to prove that a sexual assault occurred. Benson has not produced more than a "mere ... scintilla of evidence" concerning the allegations of such an assault. Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Kunz v. United Food & Commercial Workers, Local 876, 5 F.3d 1006, 1009 (6th Cir.1993); Metro Communications Co. v. Ameritech Mobile Communications, Inc., 984 F.2d 739, 742 (6th Cir.1993). Moreover, Benson has not shown how the time allowed for discovery was inadequate to decide the issues. Thus, the district court did not abuse its discretion in disallowing additional time for Benson to comply with the district court's limited discovery order. Gordon v. Barnes Pumps, Inc., 999 F.2d 133, 138 (6th Cir.1993); Gibson v. Foltz, 963 F.2d 851, 855 (6th Cir.1992). Lastly, Benson has not shown that he was subjected to cruel and unusual punishment by being placed in a cell for two days without full clothing, while under a suicide watch. See Turner v. Safley, 482 U.S. 78, 84-91 (1987); Bell v. Wolfish, 441 U.S. 520, 547 (1979).
 
 
 8
 Accordingly, Benson's motion for the appointment of counsel is denied, and the district court's order granting the defendants' motion for summary judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.